GEORGE W. LITTLE, appellant, v. GEORGE CARLISLE and WILLIAM E. WHITE, appellees.

*Appeal from Fulton.*

A summons was issued against a defendant, but never returned, and at a subsequent term of the Court, an *alias* summons was issued, but no return of service en-

dorsed thereon. The cause was docketed for the third day of the term: *Held,* that the defendant was not bound to appear; and that having entered an appearance on the fifth day of the term, he did not thereby subject himself to the operation of a general rule entered on the first day of the term, by which it was " Ordered, that all parties defendant, shall have filed their pleas by the meeting of Court on the morning of the day for which the cause is set down for trial, and in default thereof, the parties plaintiff shall, on motion, be entitled to their judgments of default, or *nil dicit,* as the case may be."

*Held,* also, that it was error in the Circuit Court, after a motion, by defendant, to dismiss the suit for want of sufficient security for costs (the plaintiffs being non-residents) to refuse the defendant the privilege of filing issuable pleas.

JUDGMENT was rendered in this cause at the November term, 1840, of the Fulton Circuit Court, the Hon. Peter Lott presiding, for $589,45, and costs, in favor of the plaintiffs. The defendant appealed to this Court.

S. T. LOGAN, for the appellant.

J. B. THOMAS and WILLIAM ELLIOT, Jr., for the appellees.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an action of *assumpsit* commenced by Carlisle and White against Little, on a promissory note. It appears from the record, that Carlisle and White were non-residents, and that, at the institution of the suit, security for costs was filed, and subsequently, without any reason being assigned, they obtained leave of the Court, and filed another instrument for securing the costs, which last instrument did not contain the name of the defendant in the suit, and was consequently a nullity. It further appears from the record, that a summons was issued, which was never returned, and at a subsequent term an *alias* summons was issued, but no return of service was endorsed thereon. The record also states, that on the fifth day of the November term, 1840, the parties appeared, and the defendant moved the Court to dismiss the suit for want of security for costs. This motion was overruled. The defendant thereupon, immediately tendered and offered to file pleas of no consideration, and that the consideration had failed, which the Court refused to permit, but rendered judgment for the plaintiff by *nil dicit.* It also appears that this cause was set for trial on the third day of the November term, 1840 ; and by a general rule, entered on the first day of the term, it was " Ordered, that all parties defendant shall have filed their pleas by the meeting of Court, on the morning of the day for which the cause is set down for trial, and in default thereof, the parties plaintiff shall, on motion, be entitled to their judgments of default, or *nil dicit,* as the case may be."

The only question necessary to be decided is, whether the defendant below was subject to this rule.

As the defendant had not been served with process, he was un-

der no obligation to appear at the June term. If he had not appeared, no judgment could have been entered against him.

It is manifestly unjust to subject him to the operation of a rule by which a judgment, by *nil dicit,* could be entered against him, on a day before he was by law bound to appear, and before he had, in fact, appeared. The refusal of the Court to suffer the defendant to plead, and the entering a judgment against him, by *nil dicit,* was clearly erroneous.

The judgment is reversed with costs, and the cause remanded, with instructions to the Court below, to suffer Little to file his pleas.

*Judgment reversed.*